1. COLLATERAL INHERITANCE TAX—WHAT STATUTE GOVERNS.
   A proceeding to enforce a collateral inheritance tax is governed by the laws in force at decedent's death.

2. SAME—VALUE OF ESTATE.
   The collateral inheritance tax act of 1891, which provides that "an estate" of less value than $500 shall not be taxed, means the property given to the person liable to taxation, and not the entire estate of decedent.

Proceeding to assess the estate of Maria Louise Sterling, deceased, under the collateral inheritance tax law.

E. E. Roosa, for the executors.
D. W. Esmond, for the Calvary Presbyterian Church.
Louis Bedell, for the comptroller and county treasurer.

McELROY, Special Surrogate. The testatrix died on the 2d day of January, 1892. It appears that, on account of the claims of certain persons, it became necessary to bring an action for the construction of one or more clauses in the will of deceased, and that owing to the death of some of the defendants after the action was commenced, and for other good and sufficient reasons, a decree construing the clauses in said will was not handed down until the month of January, 1894, and that immediately thereafter these proceedings were commenced. The report of the appraiser was

filed April 12, 1894. By said report the gross estate of testatrix was valued at $13,000, and the value of the legacies or distributive shares under the will appraised as follows: To Margaret Carter, sister-in-law of testatrix, $3,000; to Isabella Chatterton, sister-in-law of testatrix, $2,000; to Katie Withers, who is not related to testatrix, $5,000; to Olive B. Withers, who is not related to testatrix, $200; to Calvary Presbyterian Church, of Newburgh, N. Y., $500; to 24 relatives of testatrix (nephews and nieces), each $78.84; to Maria Louise Socks, stepniece of testatrix, $157.68.

The first question presented is whether this proceeding to determine the amount of tax the above estates are liable for shall be in accordance with the laws in force at the death of testatrix, or those in force at the time this proceeding was actually instituted. The act of June 10, 1885, entitled "An act to tax gifts, legacies and collateral inheritances in certain cases," together with the act of 1887 (which, to some extent, superseded the act of 1885), and the acts amendatory thereof, including the act of 1891, were repealed in 1892, and a new act passed, which readopted the general scheme of the original statute, and also imposed a tax, within certain limits, upon direct as well as collateral inheritances, which act is known as the "Transfer Tax," and went into effect May 1, 1892. Laws 1892, c. 399. This act provides that so far as its provisions are substantially the same as those of laws existing on April 30, 1892, "they shall be construed as a continuation of such laws, modified or amended according to the language employed in this act, and not as new enactments." Section 24 of the act is in part as follows (saving clause):

"The repeal of a law, or any part of it, specified in the annexed schedule, shall not affect or impair any act done or right accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to May 1st, 1892, * * * but the same may be asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such law had not been repealed. * * *"

The right of the state to the tax accrued at the date of the death of testatrix, January 2, 1892 (In re Prime's Estate [Sup.] 18 N. Y. Supp. 603); and although these proceedings were not commenced until January, 1894, yet the law in force at the date of the death of testatrix must govern as to the rights accrued and the liabilities incurred. In re Miller, 19 N. Y. St. Rep. 246.

The counsel for the comptroller also claims that the legacies or distributive shares to the nephews and nieces and the stepniece of testatrix, and the legacy to Olive B. Withers of $200, who is not related to testatrix, are taxable. In view of the fact that the order fixing the tax in this proceeding must be made in accordance with the law in force at the death of testatrix, it is necessary to consider the meaning of the clause, "provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to said tax or duty." This clause appears in section 1 of the act of 1885, and is retained in each amendment of that section of said act, including the act of 1891. If the word "estate" means the estate of the testatrix, and not the estate or property given to the persons liable to taxation, then the contention of the counsel

for the comptroller may be correct. It seems to me, however, that the legislature, at least prior to the act of 1892, intended the words "an estate valued," as used in said proviso, to mean the estate or property or interest of the legatee, or person entitled to a distributive share, and not the value of the estate of the decedent, and that the estate or property passing to persons not exempt by said act was not subject to a tax, unless such an estate was, independent of the estate of the decedent, of the value of $500 or more. If the legislature had intended the $500 limitation to mean the estate of the decedent, the act would doubtless have directed the tax to be levied upon so much of the estate of a decedent, of the value of $500 or more, as was bequeathed or to be distributed among those not exempt by the act; and the duty of the court then would have been to—First, assess the tax upon the whole estate so bequeathed or to be distributed, if it was of the value of $500 or more; and, second, determine the proportionate part of the tax thus levied which each legacy or distributive share not exempt as aforesaid should pay. Under the act of 1892 it has been held (In re Flynn's Estate, 30 N. Y. Supp. 388) that, as the property passing to those not exempt was over $1,800 in value, each of four legacies of $100 each to strangers was subject to the tax. The act of 1892 does not contain the proviso above quoted, and the language of the act differs from the act of 1885 as amended, including the amendment of 1891. By the act of 1892, "a tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, * * * to persons or corporations not exempt, * * *"—meaning the property of the testator, and not the property passing to the individual legatees or distributees; and, if this proceeding was under the act of 1892, the legacies or distributive shares to the 24 nephews and nieces and to the stepniece of testatrix, and the legacy to Olive B. Withers of $200, would doubtless be liable to the tax, for the estate of testatrix thus disposed of amounts to over $2,200. I am therefore of the opinion: First. That these proceedings are to be determined in accordance with the collateral inheritance tax laws in force at the date of the death of testatrix, January 2, 1892. Second. That the legacies to Margaret Carter of $3,000, and to Isabella Chatterton of $2,000, each a sister-in-law of testatrix, are each subject to a tax of 5 per cent.; that the legacy of $5,000 to Katie Withers, who is not related to testatrix, is subject to a tax of 5 per cent. Third. That, in view of the law prior to the act of 1892, the burden of this tax does not rest upon the value of the estate of the deceased bequeathed or distributed to those not exempt, but upon each beneficiary, and that inasmuch as the legacies or distributive shares to the 24 nephews and nieces, the share to the stepniece Maria Louise Socks, and the legacy to Olive B. Withers, who is not related to testatrix, are not individually and severally of the value of $500, they are not taxable. In re Smith's Estate, 5 N. Y. St. Rep. 380; In re McCready's Estate, 10 N. Y. St. Rep. 696; In re Hopkins' Estate, 19 N. Y. St. Rep. 516. Fourth. That the legacy of $500 to the Calvary Presbyterian Church,

an organization incorporated under the laws of this state, a religious corporation, is not taxable, the same being exempted under chapter 553, Laws 1890. Fifth. That the penalty of 10 per cent. per annum, imposed by section 4 of the act of 1887, does not attach, owing to necessary litigation and other unavoidable cause of delay above mentioned, and that the amount of said tax is only liable to a penalty of 6 per cent. from July 2, 1893. An order will be entered in accordance with the foregoing.